Law, as amended by chapter 535 of the Laws of 1917, forbidding the employment in cities of the first and second class of any woman over the age of sixteen years in or in connection with any restaurant before six o'clock in the morning or after ten o'clock in the evening of any day.

*Henry W. Hill* for appellant.

*Guy B. Moore, District Attorney* (*Walter F. Hofheins* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

PENNSYLVANIA WOOD AND IRON COMPANY, Respondent, *v.* NEW YORK CAR WHEEL COMPANY, Appellant.

*Contract — action to recover for merchandise sold and delivered — counterclaim for damages from alleged neglect to deliver all of merchandise contracted for.*

*Pennsylvania Wood & Iron Co.* v. *N. Y. Car Wheel Co.*, 197 App. Div. 927, affirmed.

(Argued June 8, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 24, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover the agreed price of certain scrap iron, liability for which was not disputed by defendant. The question litigated was raised by two counterclaims set up in the answer, both alleging that plaintiff had entered into a contract to sell and deliver certain scrap iron to defendant at an agreed price; that only part of said iron had been delivered and that plaintiff had failed and neglected to deliver the balance, to the defendant's damage in an amount greater than the sum due to the plaintiff. The reply alleged that plaintiff had offered to deliver the iron in question but that defendant had refused to accept delivery.

*Joseph H. Morey* and *David T. Murray* for appellant.
*Godfrey M. Frohe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE and ANDREWS, JJ.  Absent: HOGAN, J.

BROOKLYN TRUST COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Trespass — lateral support — New York city — when adjoining prop-erty owner may recover for additional expense in constructing its foundations owing to loss of lateral support by reason of construction of subway in street.*

*Brooklyn Trust Co.* v. *City of New York*, 198 App. Div. 595, affirmed.

(Argued June 8, 1922; decided July 12, 1922.)

APPEAL, by permission, from a judgment of the Appel-late Division of the Supreme Court in the second judicial department, entered December 1, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term in an action to enjoin a continuing trespass or for damages. The complaint alleged that by reason of defendant's alleged trespass upon plaintiff's land in Montague street, adjacent to its building at the corner of Clinton and Montague streets, by the construction of a subway railroad, plaintiff was obliged to incur greater and addi-tional expense in the construction of foundations for its building, in order to protect it from injuries which were anticipated in the event defendant carried out its threat to construct said railroad, which expense would not have been necessary but for such trespass. The trial court found facts which substantially established that the defendant's act in sinking its subway to a depth of seventy feet below the grade of Montague street resulted in such a loss of lateral support that the plaintiff was obliged to change its plans for the construction of its foundation from twenty feet, ten inches, to sixty-five feet, ten inches, as a result of which it suffered additional